| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Peiqing Cong, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| *versus* § | Civil Action H-12-1976 |
| § | |
| ConocoPhillips Company, § | |
| § | |
| Defendant. § | |

## Opinion on Remand and Deposition

1. *Introduction.*

One hundred sixty-seven fishermen in China want to depose ConocoPhillips Company before suit to investigate potential claims from an oil spill in China. They filed in Texas court; ConocoPhillips Company removed. The fishermen say the petition cannot be removed because it is not a civil action. This case will remain in this national court.

2. *Background.*

In June 2011, oil seeped from the seabed in the Penglai 19-3 oil field in China's Bohai Bay. The oil field is jointly developed by China National Offshore Oil Corporation, an oil company of the People's Republic of China, and ConocoPhillips China, a Liberian company. It is a subsidiary of ConocoPhillips Company. After an investigation, ConocoPhillips China contributed more than $350 million to the State Oceanic Administration of China and the Ministry of Agriculture for the damage.

On July 2, 2012, thirty fishermen from Shandong Province – Cong plaintiffs – sued ConocoPhillips Company in Houston for damage to sea cucumbers and scallops. It pends in this court.

On October 16, 2012, one hundred sixty-seven fishermen from Hebei Province – Li plaintiffs – with the same counsel filed a petition in Texas court to depose executives from ConocoPhillips Company. They argue that the pre-suit deposition is necessary to "investigate a potential claim."

3.  *Timing.*

The Li plaintiffs' motion to remand is too late – they did not file it within thirty days of removal.[1] The court addresses the substantive defects secondarily.

4.  *Civil Action.*

Even if the Li plaintiffs had met the 30-day deadline, their petition would not be remanded. They say that their petition is not a civil action that can be removed because it is not a complaint, but it is merely a discovery tool that might lead to the filing of one. Their petition directly relates to claims they have already asserted before this court and in China.

A removable civil action is (a) a controversy between parties (b) with pleadings (c) seeking relief (d) that requires a judicial determination (e) resulting in an enforceable, appealable order. The term applies to a wide range of activity that may be brought before a court irrespective of how the parties may characterize it at common law, equity, or admiralty.[2] At its essence, a civil action is one person asking a court to do something about another person.[3]

The Li plaintiffs want the court to order ConocoPhillips Company to deliver its executives to be questioned under oath about an incident in China for which the Li plaintiffs claim ConocoPhillips Company is responsible. It is not ancillary to a potential action – one that may never be brought; this is their third lawsuit on the same factual and legal predicate.

The Li plaintiffs admit that (a) they have already sued in China and (b) their petition parallels the Cong plaintiffs' lawsuit pending before this court. They are not confused about the claims, parties, or damages. The same data are available in the Cong lawsuit already filed by these same lawyers. Their petition is hostile and adversarial. It is the opening salvo of the fishermen's third action – the start of a new American lawsuit. It may be removed to federal court.

---

[1] 28 U.S.C. § 1446.

[2] Fed. R. Civ. P. 2 ("One Form of Action: There is one form of action – the civil action."); Fed. R. Civ. P. 3 ("Commencing an action: A civil action is commenced by filing a complaint with the court.").

[3] 14B Charles A. Wright et al., Federal Practice and Procedure § 3721 (4th ed. 2009).

Also illustrating the contrived character of this action as a petition for simple, readily available information, the Li plaintiffs have not met the requirements of Texas Rule 202.[4] No witness is dying, no third-party information is needed to know whom to sue, and no other reasonable use of this petition has been offered.

A pre-suit deposition may not be used to circumvent the Li plaintiffs' responsibility to review the facts they possess and plead properly – a short statement of the cause of action to give notice of the claim.[5] ConocoPhillips Company is entitled to know the charges against it. The Li plaintiffs may not keep their information private and seek extensive discovery from the actual and "potential" defendants through a separate proceeding.[6]

The same attorneys who filed the Cong lawsuit six months before have now expressly represented to the court that they do not have enough information to file an identical suit. They may not depose ConocoPhillips Company.

5. *Jurisdiction.*

The court has jurisdiction over any claim the Li plaintiffs might bring against ConocoPhillips Company. Their petition – which incorporates as an attachment the complaint filed by the Cong plaintiffs – asserts (a) state law claims, and (b) federal claims under the Alien Tort Claims Act.[7]

Common-law claims based on the release of oil in foreign navigable waters – such as a claim for negligence – would be preempted by federal maritime law; federal district courts have original jurisdiction over federal maritime claims.[8] Of course, a common-law claim would need to be a Chinese one, and they do not exist. For this court to address an injury in claims by Chinese fishermen against a Liberian company and a Chinese agency, it would have to arise under the Constitution, laws, or treaties of the United States and would present a federal question.[9]

---

[4] Tex. R. Civ. P. 202.

[5] Tex. R. Civ. P. 47.

[6] Texas Rice Land Co. v. Langham, 193 S.W. 473, 489 (Tex. Civ. App. 1917).

[7] 28 U.S.C. § 1350.

[8] 28 U.S.C. § 1333.

[9] 28 U.S.C. § 1331.

This court also has diversity jurisdiction. The Li plaintiffs say that their damages are the same as the Cong plaintiffs' damages. They claimed:

- economic losses;
- property damages;
- restoration of fish stock and the environment;
- damages to natural resources;
- damages from the loss of use and enjoyment of property;
- loss of quality of life;
- compensation for unjust enrichment;
- punitive and exemplary damages;
- the cost to conduct an environmental assessment; and
- other incidental damages.

Given the extent of the damages sought, the amount in controversy for each of the Li plaintiffs would exceed $75,000. The Li plaintiffs are Chinese; ConocoPhillips Company is a Delaware corporation with a principal place of business in Texas. Complete diversity exists.[10]

6. Conclusion.

The Li plaintiffs filed a petition for pre-suit deposition, but they are not confused about an element of their claims. Their petition is disingenuous and manipulative. It is a lawsuit against ConocoPhillips Company calculated to impose costs on the defendant without meeting the preparation and disclosure requirements of a properly pleaded action and attempting to avoid federal court. Remand will be denied. They may not depose ConocoPhillips Company.

Signed on November 8, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[10] 28 U.S.C. § 1332.